## THOMPSON v. THOMPSON.

**1. Mortgage:** FORECLOSURE: FRAUD: HOMESTEAD. A wife claimed a tract of land, which constituted the homestead, under an unrecorded deed from her husband. The tract, with certain other land, was covered by a mortgage at the time of the alleged conveyance. The mortgagee who had no notice of the conveyance to the wife released a part of the land from the mortgage and foreclosed upon the balance, including the homestead, and bid it in at the sale, afterwards conveying to the husband: *Held*, that the release of a part of the land, to have availed the wife, should have been pleaded in the foreclosure action; that she should have therein asserted her right to have the land claimed by her sold last under the decree, and that the facts did not constitute a fraud invalidating the sale.

*Appeal from Fayette Circuit Court.*

THURSDAY, DECEMBER 16.

ACTION in chancery. There was a decree dismissing plaintiff's petition, from which she appeals. The facts of the case appear in the opinion.

*Henry Rickel* and *Stoneman & Chapin*, for appellant.

*L. L. Ainsworth* and *S. B. Zeigler*, for appellee.

BECK, J.—The petition alleges that, pending an action for divorce between plaintiff and defendant, William Thompson, he deeded to plaintiff forty acres of land then occupied by him as a homestead in settlement of her claim for alimony; that the defendant named, after the execution of the deed, undertook and agreed to file it for record, but fraudulently refused so to do, and that the deed is not in her possession. At the time of the execution of the deed there was a mort-

gage executed by the defendant upon a quarter section of land, of which the tract in controversy was a part. After the conveyance to defendant, the holder of the mortgage, one Hanes, instituted proceedings to foreclose it, making the petitioner a defendant, and a decree of foreclosure was entered covering eighty acres of the land, including the tract involved in this suit, the other part of the tract being released from the mortgage lien. Upon this decree the land claimed by plaintiff and the other forty acres covered by the decree were sold and bid in by Hanes, who subsequently reconveyed the land to defendant, William Thompson, and he, two or three years afterward, conveyed the same to H. H. & J. S. Thompson. It is charged that these acts and conveyances were fraudulent as to the plaintiff and the title held by the parties last named is therefore void. It is alleged that Hanes and the present claimants of the land had notice of plaintiff's title under the unrecorded deed from William Thompson; that the mortgage was in fact paid by him and the release of part of the land operated to discharge *pro tanto* the property claimed by plaintiff from the mortgage, and that of the eighty acres which remained subject to the lien, the tract claimed by plaintiff should not have been sold until the other forty had been offered for sale and, as it was of sufficient value to discharge the mortgage, the land in controversy would have been discharged from the mortgage. Other matters alleged to be fraudulent are charged, and it is averred there was a combination between the parties named and plaintiff's attorney in the divorce suit to defraud her. Hanes, as well as H. H. & J. S. Thompson, were made defendants, but, as we understand the abstract, service of process was only had upon the two last named.

Plaintiff claims that she acquired title to the land under the deed executed by William Thompson, which he fraudulently withheld from record, and that the title acquired under the mortgage and foreclosure is, as to her, fraudulent on account of the matters above set out. She asks that the deed executed to Hanes upon the foreclosure and those to William Thompson and H. H. & J. S. Thompson be set aside.

The evidence sufficiently establishes the conveyance to her

by William Thompson, but we are unable to conclude that the title under the foreclosure is invalid. It is not shown that Hanes had notice of her claim and title to the land. He was a good faith purchaser. The release of a part of the land covered by the mortgage, in order that plaintiff may have the benefit thereof, should have been pleaded in the foreclosure action. So she should have set up her right to have the land claimed by her last sold before the sale under the decree. As she did neither, she cannot now insist that the foreclosure is void because of these things. After the sale upon the fore-closure proceedings plaintiff abandoned the land and suffered it to be sold to defendants, H. H. & J. S. Thompson. Although they had, or are chargeable with having, notice of the deed to her from William Thompson and her claim of title thereunder, there is no evidence to show they had notice of her claim that the land was not subject to the mortgage. Indeed, having failed to set up any defense to the mortgage and having neg-lected to prevent the sale of the land in controversy upon the decree of foreclosure, as well as having abandoned the land, she is estopped to contest the title based on the mortgage. For these reasons it is our opinion that the decree of the Cir-cuit Court is correct.

AFFIRMED.